**UNITED STATES of America, Plaintiff–Appellee,**

v.

**XIAN LONG YAO, Defendant–Appellant.**

**No. 07–10547.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 17, 2008.

Filed Dec. 1, 2008.

by 9th Cir. R. 36–3.

Karon Virginia Johnson, Esquire, Assistant U.S., Office of the U.S. Attorney, Hagatna, GU, Eric S. O'Malley, Esquire, Assistant U.S., Office of the U.S. Attorney, Saipan, MP, for Plaintiff-Appellee.

William L. Gavras, Esquire, Gorman & Gavras, Hagatna, GU, Richard D. Rome, Esquire, Law Offices of Richard D. Rome, Van Nuys, CA, for Defendant-Appellant.

Before: SCHROEDER, PAEZ and N.R. SMITH, Circuit Judges.

## MEMORANDUM *

Defendant-Appellant Xian Long Yao appeals his conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). Two years after Defendant was removed to China, he illegally reentered Guam, via Saipan.

Defendant sought to present a defense of necessity, stating that he fled China due to a fear of persecution by the Chinese government for violating its one-child policy. The district court refused to allow the defense, and we affirm. Before being allowed to present a necessity defense, the defendant bears the burden of submitting evidence permitting a conclusion that when he took the illegal action: "(1) [ ] he was faced with a choice of evils and chose the lesser evil; (2)[ ] he acted to prevent imminent harm; (3)[ ] he reasonably anticipated a causal relation between his conduct and the harm to be avoided; and (4)[ ] there were no other legal alternatives to violating the law." *United States v. Arellano-Rivera*, 244 F.3d 1119, 1125-26 (9th Cir.2001) (quoting *United States v. Aguilar*, 883 F.2d 662, 693 (9th Cir.1989)). Defendant has not carried that burden. He failed to establish that there were no lawful alternatives to reentering Guam illegally. Moreover, he has not

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

shown that he faced imminent harm in Saipan.

■ We also conclude that the district court did not abuse its discretion under Federal Rule of Evidence 702 by admitting the testimony of a fingerprint comparison expert. The court heard sufficient evidence of the expert's qualifications and experience. *See Hangarter v. Provident Life & Accident Ins. Co.,* 373 F.3d 998, 1015–16 (9th Cir.2004).

**AFFIRMED.**